IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHARON BLACK, | ) | CIVIL NO. 07-00299 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BOISSE CORREA; CITY AND COUNTY OF HONOLULU, GLEN KAJIYAMA; STEPHEN WATARAI; KEVIN LIMA; CARLTON NISHIMURA; OWEN HARADA; WILLIAM AXT; KANTHI DE ALWIS; WILLIAM W. GOODHUE; GAIL SUZUKI; ALICIA KAMAHELE; DENISE TSUKAYAMA; CHRIS VAN MARTER; WAYNE HASHIRO; DOES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART CITY
DEFENDANTS' MOTION TO DISMISS; OR ALTERNATIVELY,
MOTION FOR MORE DEFINITE STATEMENT; OR,
<u>ALTERNATIVELY, MOTION TO STRIKE PLEADINGS</u>

On January 22, 2008, the Court heard City Defendants' Motion. Mark

S. Beatty, Esq., appeared at the hearing on behalf of Plaintiff; John P. Moran,

Deputy Corporation Counsel, appeared at the hearing on behalf of City

Defendants.¹  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS IN PART AND DENIES IN PART City Defendants' Motion.

## BACKGROUND

On September 20, 2007, this Court issued an order (Doc. # 48) granting in part and denying in part the City Defendants' Motion to Dismiss.  On October 30, 2007, this Court sua sponte amended the order (Doc. # 67) ("Amended Order").  The Amended Order was issued to clarify this Court's position concerning retaliation claims under Hawaii Revised Statutes section 378-62. (Amended Order at 2 n.1.)  This Court noted that the result of the previous decision did not change and other than the section regarding Hawaii Revised Statutes section 378-92, the Amended Order remained the same as the previous order.

The Amended Order, inter alia, dismissed Plaintiff's conspiracy claim because Plaintiff had made only one conclusory allegation regarding the conspiracy, which was insufficient to meet the pleading requirements of a conspiracy claim.  (Amended Order at 36.)  This Court also dismissed Plaintiff's

---

¹City Defendants include Boisse Correa, Glen Kajiyama, Stephen Watarai, Kevin Lima, Carlton Nishimura, Owen Harada, William Axt, Kanthi De Alwis, William W. Goodhue, Gayle Suzuki, Alicia Kamahele, Denise Tsukayama, Christopher Van Marter, and Wayne Hashiro.

negligent infliction of emotional distress claim ("NIED") because Plaintiff had failed to establish a predicate physical injury.  This Court dismissed Plaintiff's Fourteenth Amendment claims made pursuant to 42 U.S.C. sections 1981, 1985, and 1986 because Plaintiff had failed to allege any facts that would support such claims.  This Court dismissed Plaintiff's claim for violation of her First Amendment right to associate as against the City itself, but found that Plaintiff could maintain such claim against individual defendant employees or agents, namely, Gayle Suzuki, William Goodhue, and Alicia Kamahele.  This Court also dismissed Plaintiff's claim for violation of the Fourth Amendment to be free from malicious prosecution because the record contained sufficient factual allegations to support a finding that the prior proceedings against Plaintiff were initiated with probable cause.

On October 30, 2007, City Defendants and Plaintiff stipulated to allow Plaintiff to file an amended complaint.  On November 9, 2007, Plaintiff filed a First Amended Complaint ("FAC").  On November 10, 2007, Plaintiff filed his first Errata to the FAC.  In the FAC, Plaintiff included, among other claims, claims for conspiracy, NIED, Fourteenth Amendment violations, First Amendment violations, and Fourth Amendment violations, the same claims that had previously been dismissed.  On November 19, 2007, City Defendants filed the instant Motion

to Dismiss Pursuant to Rule 12(b)(6); or Alternatively, Motion for More Definite Statement Pursuant to Rule 12(e); or Alternatively, Motion to Strike Pleadings Pursuant to Rule 12(f) (Doc. # 75).  Plaintiff filed an opposition on January 4, 2008, and filed a second Errata to the FAC.  City Defendants filed their reply brief on January 9, 2008.

## STANDARD OF REVIEW

City Defendants brought this motion pursuant to Federal Rules of Civil Procedure 12(b)(6), which provides that a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court's review is limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 1966.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence.  In other words, a plaintiff must

4

allege enough facts to state a claim for relief that is plausible on its face. See id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

In the alternative, City Defendants request a more definite statement. Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement before filing a responsive pleading. The moving party "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

City Defendants also request that this Court strike a portion of the FAC pursuant to Federal Rule of Civil Procedure 12(f). Federal Rule of Civil Procedure 12(f) provides that upon a motion made before responding to a pleading, a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court's decision to strike matters from pleadings is within its discretion, and the court's decision will be reviewed for an abuse of that discretion. See Neighbors of Cuddy Mountain v. Alexander, 303 F.3d 1059, 1070 (9th Cir. 2002). A matter "will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." Wailua Assoc. v. Aetna

Casualty and Surety Co., 183 F.R.D. 550, 554 (D. Haw. 1998) (citations omitted). In considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party. Id. (citation omitted). Generally, motions to strike are not favored by courts. Id. at 553.

## DISCUSSION

City Defendants seek to: (1) strike Plaintiff's request for punitive damages against the City, arguing that a municipality cannot be held liable for punitive damages; (2) dismiss Plaintiff's NIED claim (Count 4), arguing that Plaintiff has not sufficiently alleged that she suffered a physical injury; (3) dismiss Plaintiff's conspiracy claim (Count 6) for failing to allege sufficient facts to support such a claim; (4) dismiss sections of Plaintiff's retaliation in violation of public policy claim (Count 7), since it is based on the same allegations previously dismissed; (5) strike the Medical Examiners Office ("MEO") and the City as defendants of the violation of First Amendment Rights claim (Count 8), because this Court already dismissed the City itself; (6) dismiss Plaintiff's violation of the Fourth Amendment right to be free from prosecution without probable clause claim (Count 9), because it is based on conclusory allegations; and (7) dismiss Count 11, which is a request for injunctive relief, since that is not a cause of action.

City Defendants also argue that Plaintiff's FAC should be stricken because it is not a short and plain statement of the claims. Although the FAC is lengthy, this Court does not find it to be violative of Federal Rules of Civil Procedure such that outright dismissal is required, as argued by City Defendants.

I.   Punitive Damages Request

With respect to City Defendants' request to strike Plaintiff's request for punitive damages against the City itself, Plaintiff resolved this issue in an Errata to the FAC, in which she clarified that her prayer for punitive damages is against only Defendants in their personal capacity. Therefore, City Defendants' request is denied as moot.

II.  NIED Claim, Count 4

In both the original Complaint and the FAC, Plaintiff alleged that she suffered physical harm, which included constant physical pain, and that she suffered from Acute Necrotizing Ulcerative Gingivitis ("ANUG"). City Defendants argue that because Plaintiff's NIED claim was previously dismissed for failing to prove a physical injury, and her FAC alleges only ANUG, as did the original complaint, her renewed NIED claim should be dismissed.

To maintain a NIED claim, a plaintiff must allege "that <u>someone</u> was physically injured by the defendant's conduct, be it the plaintiff himself or herself

or someone else." Doe Parents No. 1 v. State, Dept. of Educ., 58 P.3d 545, 580-81 (Haw. 2002) (emphasis in original). Applying this principle in the instant case, this Court previously held that "Plaintiff alleges emotional injury and injury to property in the form of loss of pay and other such losses, but, under Hawaii Supreme Court precedent, she also must allege an injury to a person, either herself or someone else, otherwise her claim is merely one of negligence." (Amended Order at 31.)

In her FAC, Plaintiff realleged that she suffered from ANUG. In her opposition to the instant motion, Plaintiff explained that ANUG, also known as trench mouth, is characterized by the physical loss of teeth and is considered to be the result of a stressful situation. Plaintiff alleges that the emotional distress she suffered was the result of Defendants' conduct and caused her to suffer from ANUG. Plaintiff claims that she lost a number of teeth, her doctors ruled out any other physical problems, and ANUG is the best medical explanation for her loss of teeth. Plaintiff argues that these allegations are sufficient to meet the "predicate physical injury" standard. This Court agrees. Having explained to this Court that her allegations of suffering from ANUG include physical symptoms of the loss of teeth, this Court finds that Plaintiff has sufficiently alleged a predicate physical injury. See Roes v. FHP, Inc., 985 P.2d 661, 665 n.5 (Haw. 1999) ("Physical

injury rules, utilized to limit liability and guarantee the genuineness of plaintiffs' claims, include requirements that, in order to recover for NIED, a plaintiff must: . . . exhibit physical symptoms of harm[.].") (citation and internal quotation marks omitted). Therefore, City Defendants' motion to dismiss Count 4 is denied.

III.    Conspiracy Claim, Count 6

City Defendants argue that Plaintiff's Conspiracy claim should be dismissed because the additional allegations only recite the formulaic elements of a cause of action. This Court disagrees.

"'[T]he accepted definition of a conspiracy is a combination of two or more persons [or entities] by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.'" Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc., 982 P.2d 853, 881 n.28 (Haw. 1999) (quoting Duplex Printing Press Co. v. Deering, 254 U.S. 443, 466 (1921)).

In the original Complaint, Plaintiff repeated only one conclusory allegation -- that Defendants coordinated and fabricated in unison, in concert and complicity false testimony during the investigative stage to violate her rights. (Compl. ¶ 302.) In the FAC, Plaintiff added the following factual allegations:

9

Defendants acted in concert to violate Plaintiff's civil rights by: fabricating false statements about her doing research at the MEO without proper permission; making up policies about information that were never written or told to Plaintiff, and by making up instructions that were allegedly given to Plaintiff though they were actually never expressed to Plaintiff; cooperating with Defendant Chris Van Marter to adjust their accusations against Plaintiff in a manner that would fit into criminal charges; Defendants' single plan was to harm Plaintiff by fabricating the false policies and evidence to convict Plaintiff of criminal and/or administrative violations; Defendants shared the objective of harming Plaintiff, MEO Defendants were motivated to harm Plaintiff because of her friendship with Susan Siu and HPD Defendants were motivated by retaliation for her 1997 lawsuit against them; MEO Defendants committed overt acts by fabricating information security policies and fabricating testimony that she was informed of the policies; HPD Defendants committed overt acts by overlooking and distorting her past history and past permission to conduct research about suicides at the MEO, and by pursuing an investigation that was not motivated by probable cause and was instead motivated by malice, and by assigning Plaintiff to the Records Department of HPD despite the fact that they were instigating a criminal and administrative case against her for violating information security policy of records; Defendant Van Marter committed

overt acts by assisting HPD and MEO Defendants in coordinating their testimony during the investigative period so that the fabricated testimony conformed to criminal statutes; and Defendant Tsukayama conducted a pretextual evaluation in response to Plaintiff's EEO complaint according to an unwritten policy of making EEO complaints conclude in favor of the City and County of Honolulu. (FAC at ¶¶ 243-253.)

Contrary to City Defendants' argument, these detailed allegations are more than a recitation of the formulaic elements of a cause of action for conspiracy. Although Plaintiff's claim may not eventually be supported by the evidence, Plaintiff has alleged sufficient specific facts that Defendants conspired to bring false charges against her and fabricate evidence. Clearly, if true, such allegations could support a conspiracy claim. For this reason, City Defendants' motion to dismiss the conspiracy claim is denied.

IV.   Violation of Public Policy Claim, Count 7

Although unclear, Count 7 appears to allege a violation of various laws, including violations of 42 U.S.C. sections 1981 (equal rights under the law), 1985 (conspiracy to interfere with civil rights), and 1986 (neglect to prevent conspiracy). City Defendants seek dismissal of the claims brought under 42 U.S.C. sections 1981, 1985, and 1986 based upon this Court's previous holding that

Plaintiff failed to allege any facts that would support those claims in her original Complaint.

Plaintiff's FAC now provides different and more detailed factual allegations pertaining to these claims.  One such example is that Plaintiff now alleges that she is protected by 42 U.S.C. § 1985(2) from conspiracy to interfere with civil rights for exercising her rights to testify in a court of law.  (FAC ¶ 260.) Neither party addressed the elements of these claims, or argued why they are or are not sufficiently pled as newly pled in the FAC.  Indeed, in her opposition, Plaintiff states only that these claims are proper so long as her civil conspiracy claim stands. Plaintiff provides no further explanation for this reasoning.

Nonetheless, 42 U.S.C. § 1981 prohibits racial discrimination.  A plaintiff asserting a claim under 42 U.S.C. § 1981 "must show intentional discrimination on account of race."  Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989).  An "allegation of class-based animus is an essential requirement of a claim under the second clause of § 1985(2)", which deals with the due course of justice in state courts.  Bretz v. Kelman, 773 F.2d 1026, 1029 (9th Cir. 1985) (dismissing the plaintiff's § 1985(2) claims based upon allegations of conspiracy among police, prosecutors, and personal enemies to accuse and prosecute him

falsely for burglary because he failed to allege racial or class-based animus). Here, Plaintiff has made no allegations of race or class-based discriminatory animus.

Accordingly, Plaintiff's 42 U.S.C. §§ 1981 and 1985 claims, contained within Count 7, are dismissed. Likewise, as the Ninth Circuit has held that "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985," Plaintiff's 42 U.S.C. § 1986 is also dismissed. See Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).

V. First Amendment Right to Association, Count 8

With respect to City Defendants' request to strike the MEO and City as a defendant to the violation of First Amendment right to association claim (Count 8), Plaintiff states that she filed an Errata to her FAC, in which she stated that the MEO should be replaced with Defendant City and County. This correction, however, does not resolve the issue because, as noted by City Defendants, this Court already dismissed this claim as against the City itself. Accordingly, this Court grants City Defendants' request to strike the MEO and the City as Defendants to Count 8. The MEO and City are not proper defendants to Count 8 and therefore, they are dismissed from that Count. The individual defendants still remain.

VI. Malicious Prosecution Claim, Count 9

In response to City Defendants' request to dismiss Count 9, violation of the Fourth Amendment right to be free from prosecution without probable cause claim, Plaintiff states that this claim is proper so long as her civil conspiracy claim stands. Plaintiff provides no further explanation for this reasoning. This Court disagrees with Plaintiff's reasoning. However, this Court finds that Plaintiff has made new allegations, which could support a malicious prosecution claim.

As cited in the previous order, "[a] claim of malicious prosecution requires proof of three elements: (1) that the prior proceedings were terminated in [Plaintiff's] favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice." Myers v. Cohen, 688 P.2d 1145, 1148 (Haw. 1984). This Court previously found that the factual allegations were sufficient to support a finding that the prior proceedings were initiated with probable cause. Although Plaintiff has not in her opposition to the instant motion pointed this Court to specific allegations in the FAC or Erratas thereto that were added to support this claim, this Court reviewed the entire FAC and finds that taking the facts alleged by Plaintiff as true, she has sufficiently pled facts that could support a malicious prosecution claim. Indeed, Plaintiff made the new allegations described above in the Conspiracy Claim section, and alleged that Van Marter used this fabricated evidence to convince a grand jury to determine

probable cause, and if the evidence had not been fabricated, the grand jury would not have found probable cause.

Again, although Plaintiff may not eventually prevail on her claim, these new allegations regarding fabrication of evidence, if true, are sufficient to withstand a motion to dismiss. For these reasons, this Court denies City Defendants' request to dismiss Count 9.

VII.   Injunctive Relief, Count 11

In the Errata to the FAC, Plaintiff agreed to delete Count 11. Accordingly, Count 11, which is a request for injunctive relief, was previously dismissed and the City Defendants' motion with respect to this count is denied as moot.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART City Defendants' Motion. City Defendants' request to strike Plaintiff's request for punitive damages against the City is DENIED AS MOOT. City Defendants' motion to dismiss Plaintiff's NIED claim (Count 4) is DENIED. City Defendants' motion to dismiss Plaintiff's conspiracy claim (Count 6) is DENIED. City Defendants' motion to dismiss Plaintiff's 42 U.S.C. sections 1981, 1985, and 1986 claims (contained within Count 7) is GRANTED. City

Defendants' request to strike the MEO and the City as Defendants to Count 8 is GRANTED.  City Defendants' motion to dismiss Plaintiff's malicious prosecution claim (Count 9) is DENIED.  City Defendants' motion to dismiss Count 11 is DENIED AS MOOT.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, January 22, 2008.



_____
David Alan Ezra
United States District Judge

Black v. Correa, CV No. 07-00299 DAE/LEK; ORDER GRANTING IN PART AND DENYING IN PART CITY DEFENDANTS' MOTION TO DISMISS; OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT; OR, ALTERNATIVELY, MOTION TO STRIKE PLEADINGS