IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHARON BLACK, | ) | CIVIL NO. 07-00299 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**AMENDMENT TO REPORT OF SPECIAL MASTER ON
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MOTION FOR COSTS**

On January 29, 2010, this Court filed its Report of Special Master on Plaintiff's Motion and Memorandum for Costs ("Report"). This Court recommended that Plaintiff Sharon Black's ("Plaintiff") Motion for Attorney Fees, filed on October 30, 2009, be granted in part and denied in part. This Court also recommended that the district judge grant Plaintiff $92,827.71 in attorney's fees and deny Plaintiff's request for any non-taxable costs.

Further, the Court recommended that Defendant City and County of Honolulu's ("Defendant"), objections to Plaintiff's Bill of Costs[1] ("Objections"), filed on December 22, 2009, be granted in part and denied in part. The Report recommended that the district judge tax $7,159.32 in costs against Defendant.

---

[1] On December 15, 2009, Plaintiff filed a Motion for Costs, which this Court construed as her Bill of Costs.

This Court also recommended that Plaintiff's remaining requests in the Bill of Costs be denied without prejudice.

The Court granted Plaintiff leave to file supplemental declarations with documents to support certain requested taxable costs. These costs included: $450.00 in subpoena fees for nine witnesses at $50.00 each; the necessity of video recording depositions taken by Plaintiff; the necessity of ordering electronic deposition transcripts; and the necessity of ordering copies of thirty autopsy reports. This Court warned Plaintiff that it would recommend that these requests be denied with prejudice if Plaintiff failed to submit the supporting documentation by February 26, 2010, or if the supporting documents did not establish that the specified costs were taxable.

On February 19, 2010, Plaintiff filed a Supplement to Memorandum in Support of Plaintiff's Motion for Costs ("Supplement"), including a declaration by Plaintiff's counsel, Mark S. Beatty, Esq. ("Supplemental Beatty Declaration"). Plaintiff argues that Exhibit A, copies of nine checks to witnesses for $50.00 each, serves as documentation for the subpoena expenses claimed in the original Motion for Costs. [Suppl. Beatty Decl., Exh. A.]

Mr. Beatty's declaration also states that the Court did not address Plaintiff's argument that the Court should consider

the contingency risk when calculating the reasonable attorney's fee in the Report.  Plaintiff further states that the Court wrongfully denied payment for 31.5 hours spent for "conflicts with client."  [Suppl. Beatty Decl. at ¶¶ 3-4.]

Additionally, the declaration argues that the depositions in question required video recording for the following reasons: 1) possible witness unavailability; 2) inability to evaluate body language, facial expression, intonation, etc.; and 3) to avoid Plaintiff's possible poor behavior if she attended the deposition.  Mr. Beatty argued that the e-transcript was necessary because of its large size and ease of review.  Finally, the declaration claims that Plaintiff is entitled to $150.00 for copies of autopsy reports because they were necessary to determine whether the reports contained private information and to obtain background information for an expert witness' deposition.  [Id. at ¶¶ 5-8.]

Defendant filed its Response to Plaintiff's Supplement on February 26, 2010.  Defendant first argues that Plaintiff is not entitled to $450.00 paid to witnesses because no documentation shows that the fees were actually processed.  Next, Defendant states that the Court should disregard Plaintiff's request to reinstate the 31.5 hours due to conflict with client because Plaintiff was not given leave of Court on this issue. [Response at 4-5.]

3

Pertaining to the necessity of video recording depositions, Defendant insists that Plaintiff lacks proof of witness unavailability.  Defendant also argues that, although Plaintiff chose not to attend the depositions, Plaintiff's counsel was present and able to read the body language, intonation, and facial expressions of each witness on Plaintiff's behalf.  Finally, Defendant contends that Mr. Beatty's fear of Plaintiff's ill behavior was unfounded.  [Id. at 5-6.]

## DISCUSSION

### A. Consideration of Contingency Risk in Fees and Hours Billed for "Conflict with Client"

Mr. Beatty reiterates that his choice to take this case on a contingency fee basis should be considered in calculating his reasonable attorney's fees.  [Beatty Decl. ¶ 3.]  This Court, however, granted Plaintiff leave to file supplemental documentation for limited purposes which did not include further argument on the award of attorney's fees.  Plaintiff had ample opportunity to file either a motion for reconsideration or objections to the Report, yet Plaintiff chose not to do so.  The Court will therefore not reconsider this matter.

Plaintiff also argues that she is entitled to attorney's fees for the 31.5 hours that Plaintiff's counsel spent addressing conflict between himself and Plaintiff.  [Id. ¶ 4.] Again, because Plaintiff previously had an opportunity to either object or file a motion to reconsider the finding that such time

4

is not compensable, the Court will not reconsider this issue.

**B.    Subpoena Charge of $50.00**

Plaintiff was granted leave to provide supplemental documentation and declarations to support the $50.00 subpoena costs for nine witnesses.  Plaintiff provided a copy of nine checks for $50.00 each, issued to nine of the ten individuals originally named in Plaintiff's Motion and Memorandum for Costs. [Beatty Decl., Exh. A.]

Exhibit A does provide evidence that Plaintiff incurred this expense, but Plaintiff does not provide further explanation of the purpose for these fees.  Plaintiff was already awarded $256.05 in subpoena costs for these same individuals.[2]  This Court therefore reaffirms its findings in the Report and RECOMMENDS that Defendant's Objections be GRANTED WITH PREJUDICE as to the $450.00 subpoena expense.

**C.    Necessity of Recording Depositions on Videotape**

This Court granted Plaintiff leave to file supplemental documentation and declarations to support the need to video record the depositions taken.  Plaintiff only offers Mr. Beatty's declaration listing conclusory reasons why video recordings of the depositions were necessary. [Suppl. Beatty Decl. at ¶ 5.] Plaintiff's Supplement does not offer any specific evidence to

---

[2]Plaintiff may have mis-categorized witness fees as subpoena costs.  Plaintiff failed to provide proper justification for the claimed subpoena costs.

support these statements.

No documentation is provided to support the contention that the witnesses would be unavailable at trial. Further, while Plaintiff was free to choose to have the depositions video recorded rather than attending them, Plaintiff is responsible for all costs associated with that choice. Mr. Beatty's fear that Plaintiff would not behave at a deposition also lacks documentation or support. Further, Plaintiff's anticipated behavior does not entitle Plaintiff to have depositions recorded at Defendant's expense.

Based on Plaintiff's failure to prove that video recordings of the depositions were necessary under the circumstances of this case, this Court reaffirms its previous findings and RECOMMENDS that the district judge GRANT WITH PREJUDICE Defendant's Objection to the costs for video recording the depositions.

**D.   Necessity of E-Transcripts**

The Court also allowed Plaintiff to file supplemental information to support her claim that e-transcripts were necessary. Plaintiff's Supplement argues that e-transcripts provided a more efficient way to evaluate the deposition transcripts in this case because of their large size. [Suppl. Beatty Decl. at ¶ 7.]

Plaintiff, however, under Local Rule 54.2(f)(2), did

obtain the allowable costs of the original and one copy of the transcripts. Plaintiff did not offer any further justification or documentation in her Supplement to support the claim that the e-transcript was essential. This Court reaffirms its findings and RECOMMENDS that the district judge GRANT Defendant's Objections to the e-transcript version of the deposition transcripts WITH PREJUDICE.

**E.    Necessity of Autopsy Reports**

Plaintiff submitted supporting documentation to address why copies of autopsy reports were necessary for use in this case. Local Rule 54.2(f)(4) states that the cost of copies that are "for the use and/or convenience of the party seeking recovery and its counsel is not taxable."

The Supplemental Beatty Declaration claims that the autopsy reports were used as background information to prepare for depositions and trial. [Suppl. Beatty Decl. at ¶ 8.] Plaintiff does not offer any other reasons that would justify recovery for the autopsy copying costs. The Court therefore finds the copies of the autopsy report were used for the convenience of Plaintiff and Plaintiff's counsel. This Court reaffirms its previous finding in the Report and RECOMMENDS that the district judge GRANT Defendant's Objections to the cost for the copies of autopsy reports WITH PREJUDICE.

**CONCLUSION**

Based on the foregoing, this Court hereby AMENDS its Report of Special Master on Plaintiff's Motion and Memorandum for Costs, filed January 29, 2010, as follows: the Court RECOMMENDS that Defendant's objections to: the cost to video record the depositions; E-transcript cost; the $50.00 subpoena charge to nine witnesses; and the cost to the copy autopsy reports be GRANTED WITH PREJUDICE.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 3, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SHARON BLACK V. CITY AND COUNTY OF HONOLULU; CIVIL NO. 07-00299 DAE-LEK; AMENDMENT TO REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MOTION FOR COSTS**