IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHARON BLACK, | ) | CV. NO. 07-00299 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | INTERVENOR'S MOTION FOR |
| | ) | ATTORNEY'S FEES AND COSTS |
| CITY AND COUNTY OF | ) | BE GRANTED IN PART AND |
| HONOLULU, HONOLULU | ) | DENIED IN PART |
| POLICE DEPARTMENT, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT
INTERVENOR'S MOTION FOR ATTORNEY'S FEES
AND COSTS BE GRANTED IN PART AND DENIED IN PART

      Before the Court is Intervenor Mark S. Beatty's ("Beatty") Motion for

Attorney's fees and Costs (Doc. # 341.)  After careful consideration of the motion

and the supporting and opposing memoranda, the Court FINDS and

RECOMMENDS that this motion be GRANTED IN PART and DENIED IN

PART.[1]  Specifically, the Court concludes that: 1) Beatty is entitled to attorneys'

fees under 42 U.S.C. § 2000e-5(k); 2) a reasonable hourly rate for Beatty is $140;

---

[1]    Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

3) some of Beatty's time entries are improper because they are too vague, claim time for clerical work, or claim time for non-compensable activities; and 4) a forty-percent reduction in Beatty's time is appropriate due to Beatty's unsuccessful motions on appeal and the relative simplicity of the issues on appeal. The Court awards Beatty $24,480 in attorney's fees and costs.

BACKGROUND

The full background of this case is summarized in the Report of Special Master on Plaintiff's Motion for Attorney Fees (Doc. # 298) and the Ninth Circuit's memorandum opinion affirming this Court's judgment and award of attorney's fees (Doc. # 336.) Plaintiff Sharon Black ("Plaintiff") filed an amended complaint in part alleging employment discrimination against the City and County of Honolulu ("the City"). (Doc. # 298 at 11.) This claim was submitted to the jury, and the jury returned a verdict in Plaintiff's favor. Final judgment was entered in favor of Plaintiff and against the City with respect to Plaintiff's Title VII retaliation claim on October 27, 2009.

Plaintiff filed a motion for attorney's fees and costs, which was subsequently granted in part. (Docs. ## 272, 298.) The City appealed the judgment, and Plaintiff filed a notice of cross appeal. (Docs. ## 286, 291.)

During the trial proceedings, Beatty represented Plaintiff. Early in the

appeal, Beatty filed a motion to withdraw, which was granted.  (Ninth Circuit

Appeal No. 09-17874 ["Ninth Circuit Doc."], Doc. # 21.)  Beatty also filed a

motion to intervene in the appeal, which was granted.  (Id.)  On May 15, 2012, the

City filed a notice of death of Plaintiff Sharon Black, and no personal

representative came forward to represent her in this matter.  (Doc. # 336 at 4 n.1.)

The case proceeded to oral argument, and Beatty and the City's attorneys attended

oral argument.  The Ninth Circuit issued its Memorandum Opinion affirming the

District Court's Judgment in all respects. (Doc. # 336.)  The Ninth Circuit also

rejected Beatty's argument that the district court abused its discretion by denying

fees for attending litigation seminars, denying time spent because of his fractured

relationship with Plaintiff, and failing to apply a premium lodestar.  (Mem. Op. at

7-8.)  The cross-appeal was dismissed due to Plaintiff's death.

Beatty filed this motion for attorney's fees and costs in the Ninth

Circuit, seeking $50,837.50 for work done on appeal.  (Doc. # 341.)  The Ninth

Circuit transferred the motion for fees to this Court.  (Ninth Cir. Doc. # 133.)

## DISCUSSION

The City objects to Beatty's motion for attorney's fees on the grounds

that: 1) Beatty is not entitled to attorney's fees as an intervenor; 2) Beatty is not

entitled to an hourly rate above $140; 3) Beatty had limited success because his

arguments on appeal were summarily denied; and 4) Beatty is not entitled to fees for clerical work.  (Doc. # 346.)[2]  As discussed below, the Court awards Beatty $24,480 in attorney's fees and costs.

A.      Beatty Is Entitled To Attorney's Fees Under Title VII.

          Title VII provides that in "any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]"  42 U.S.C. § 2000e-5(k).  Although Beatty prevailed in defending the District Court's judgment, the City asserts that he is not entitled to fees because he is an intervenor rather than the Plaintiff.  (Doc. # 346 at 5.)  The City's reliance on Soliman v. Ebasco Servs. Inc. is not persuasive.  822 F.2d 320, 322 (2d Cir. 1987).  In that case, an attorney appealed from a fee award without his client's consent.  In dismissing the appeal, the Court observed that the term "prevailing party" in Title VII refers to a plaintiff's entitlement to fees, and that "independent of his client, an attorney has

---

[2]          The City also argues that Beatty's motion attempts to apply a new rate to the district court's prior determination on fees.  (Doc. # 346 at 2.)  After reviewing Beatty's motion, the Court concludes that Beatty is seeking fees for work done during the appeal.
          Beatty argues that the City's opposition is untimely and should be stricken because it was filed one day late.  (Doc. # 347 at 1-2.)  Because the opposition was only filed one day late and Beatty has not shown he was prejudiced by the City's late filing, the Court declines to strike the City's opposition.  See Young v. County of Hawaii, Civ. No. 11-00580 ACK-RLP, 2012 WL 2366016, at *5 (D. Haw. June 19, 2012) (affirming Magistrate Judge's decision to consider opposition where it was filed only one day late and Defendant did not demonstrate prejudice).

no personal right to an award of statutory attorney's fees under 42 U.S.C. § 2000e-5(k)." Id.  Soliman is distinguishable because Beatty has not appealed without his client's consent, and was allowed to intervene in the appeal by the Ninth Circuit.  Furthermore, the City concedes that "[p]revailing intervenors can be entitled to attorney fees where . . . they contribute substantially to the outcome of the case." Doc. # 346 at 6 (quoting Bresgal v. Brock, 637 F. Supp. 278, 279 (D. Or. 1985)).  The City argues that Beatty did not contribute substantially to the outcome of the case, but Beatty essentially defended the jury verdict for Black. Beatty prepared briefs in opposition to the City's appeal and argued the case at oral argument.  (Ninth Circuit Doc. # 39.)  The Court finds that Beatty is entitled to attorney's fees because he substantially contributed to a positive outcome in the case.

To determine whether a fee award is reasonable, the Court must scrutinize the reasonableness of "(a) the number of hours expended and (b) the hourly fee claimed." Long v. I.R.S., 932 F.2d 1309, 1313-14 (9th Cir. 1991).  If those two figures are reasonable, then "there is a 'strong presumption' that their product, the lodestar figure, represents a reasonable award." Id.  "The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong

5

presumption and indicate that such an adjustment is necessary."[3]  Id.

B.     A Reasonable Hourly Rate For Beatty Is $140.

In "determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (quoting Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir.1986)).

Beatty asserts that he is entitled to an hourly rate of $175.  The Court concludes that $140 is a reasonable hourly rate for Beatty.  This Court previously awarded Beatty an hourly rate of $140 for the trial work in this case, and Beatty has not shown that he is entitled to a higher hourly rate for the work done on appeal, which commenced shortly after the Court's prior fee award.  (Doc. # 298 at

---

[3]     The Ninth Circuit has adopted the following factors to guide the Court's evaluation of a fee award:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

26.)  Based on the Court's knowledge of the prevailing rates in this community, the

Court concludes that $140 is still a reasonable hourly rate for Beatty.[4]

C.     The Court Imposes a Forty-Percent Reduction On Beatty's Billing
       Entries.

               The Court finds that a substantial reduction of Beatty's fees is

warranted.  The City argues that the Court should reduce fees for some of the

communications between Beatty and Plaintiff.  The Court agrees.  Beatty is not

entitled to fees for his fractured relationship with Plaintiff.  One of the entries

includes time for research into death threats Beatty believed Black sent him.  (Doc.

# 341, Ex. E at 2.)  Beatty also claims time for renegotiating and explaining

Plaintiff's contract.  (Id.)  If these entries refer to the fee contract between Plaintiff

and Beatty, they inappropriate because they did not advance Plaintiff's case; if they

refer to another contract, they are too vague to allow the Court to gauge their

reasonableness.  Another entry is "research emailfinding.com, spokeo, public

records online, on Dinglemeister, no person found, thus indication that alias."  (Id.

at 2-3.)  The Court finds that this entry is inappropriate because it does not allow

---

[4]        The City argues that Beatty is not entitled to an increased hourly rate because of the low quality of his work, but it is unnecessary to address this issue because the Court finds that the previously awarded hourly rate of $140 is reasonable.
         Beatty also argues that he is entitled to a higher rate under the factors announced in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), but as discussed above, the Court declines to award Beatty a higher rate.

the Court to gauge its reasonableness.  Therefore, the Court deducts 5.75 hours from Beatty's requested fees.

The City argues that Beatty wrongly claims time for pro forma work. (Doc. # 346 at 11.)  Beatty claims time for his staff's printing, tabbing, collating, and mailing various documents.  (Doc. # 341 at 2.)  These tasks are not compensable because they "are part of an attorney's overhead and are reflected in the charged hourly rate."  Dep't of Educ., State of Hawaii v. C.B. ex rel. Donna B., Civ. No. 11-00576 SOM-RLP, 2012 WL 7475406, at *10 (D. Haw. Sept. 28, 2012).  The Court declines to award time for these entries.

Based on the above, the Court has reduced Beatty's requested hours to 284.75.  The Court further imposes a percentage reduction because of the Ninth Circuit's denial of many of Beatty's motions and the unreasonable amount of time spent briefing the appeal.  For instance, the Ninth Circuit denied Beatty's motion to dismiss, his motion for sanctions, and his motion to strike the City's opening brief. (Ninth Circuit Docs. ## 25, 34, 37.)  The Ninth Circuit also rejected Beatty's argument that the District Court improperly calculated his fee award.  (Doc. # 336 at 7-8; Ninth Circuit Doc. # 39 at 44-50.)  In short, the Court finds that a sizeable portion of Beatty's efforts on appeal were unsuccessful, and Beatty is not entitled to fees for his unsuccessful efforts.  See Morgan v. Chicago Title Ins. Co., Civ. No.

00-00145 BMK, 2008 WL 763759 at *8  (D. Haw. Mar. 20, 2008) (imposing

percentage reduction in light of partial success); C.B. ex rel. Donna B., 2012 WL

7475406, at *12 ("Courts within the Ninth Circuit, including this district, regularly

reduce fee awards in IDEA cases by an across-the-board percentage due to a

party's limited degree of success.").

> The City also argues that Beatty's 136 hours for brief writing and 26

hours for preparing oral argument are unreasonable.  The Court agrees, because the

appeal of the jury's verdict and fees issues on appeal were not exceedingly

complex, and 136 hours for brief writing is excessive.

> Beatty's billing entries are not specific enough to allow the Court to

deduct exact amounts of time for his unsuccessful efforts.  The City also does not

provide a suggested line-by-line deduction of Beatty's billing entries for the

deficiencies noted above.  Therefore, the Court deems it appropriate to perform an

across the board percentage reduction.  After reviewing the record, the Court

concludes that a forty-percent reduction of Beatty's time is warranted in light of

the numerous unsuccessful motions he filed and the relative simplicity of the issues

on appeal.  See Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994) (affirming a

general 50% reduction in the lodestar amount for lack of success).

> Based on the foregoing, the Court calculates the adjusted lodestar as

follows:

| Attorney | Reasonable Hours (including reduction) | * Reasonable Rate = | Adjusted Lodestar |
|---|---|---|---|
| Mark Beatty | 170.85 | $140 | $23,919 |

Beatty also sought costs of $561, to which the City did not object.

Therefore, the Court awards Beatty a total of $24,480 in attorney's fees and costs.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS

that Beatty's Motion for Attorneys' Fees and Costs be GRANTED IN PART and

DENIED IN PART.

DATED:  Honolulu, Hawaii, July 30, 2013.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge

Black v. City and County of Honolulu, Honolulu Police Dept.; Civ. No. 07-00299 DAE-BMK;
FINDINGS AND RECOMMENDATION THAT INTERVENOR'S MOTION FOR
ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART